**EXHIBIT B**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| In re: Earthsnap, Inc. | § | Case No. 24-60363 |
| | § | |
| Debtor | § | Chapter 11, Subchapter V |
| | § | |
| | § | (Jointly Administered) |
| In re: Eric Ralls | § | Case No. 24-60504 |
| | § | |
| Debtor | § | Chapter 11, Subchapter V |

### DECLARATION OF ERIC RALLS IN SUPPORT OF
### MOTION FOR RECONSIDERATION

1. "My name is Eric Ralls. I am the individual debtor in this matter, and I am the representative of Earthsnap, Inc., the entity debtor. I am over 18 years of age, of sound mind, and capable of making this declaration.

2. I have read *Debtors' Motion for Reconsideration Regarding Order Converting ; Alternatively, Motion for Clarification Regarding Court's Order* ("**Motion**") to be filed in this case, and the facts described therein are within my personal knowledge and are true and correct.

3. As a general matter, for many months, Counsel never emailed me electronic versions of any filings in this matter. It was not until November, 2024, that I learned that Counsel had incorrectly listed my address as "6691 Park Slope" instead of "6961 Park Slope". Therefore, in addition to not getting electronic versions from Counsel, I was not getting hard copy filings through the mail. It was not until December, 2024, that Counsel's office update my address with the Court.

4.  Specifically, regarding the deadline to file a response to the Motion to Convert, I was not aware and was not made aware of any deadline to file a response and therefore had no idea until the hearing on the Motion to Convert that no response had been filed.

5.  Regarding the filing of monthly operating reports, I timely provided information sufficient to my counsel to prepare and file monthly operating reports. Mr. Wiley stated from the outset that his office would take care of the filing of monthly operating reports. Additionally, I had several communications with ANB Bank, the Debtor-in-possession bank, dating back to mid-July, 2024, attempting to obtain bank statements. Despite being copied on all of these communications, it was not until December 24, 2024, that Mr. Wiley sent a demand letter to ANB Bank demanding access and statements for the DIP Account.

6.  Other than the ones I was working on, I was not aware of any concerns regarding administrative deficiencies. When I questioned issues related to the filing of monthly operating reports, Mr. Wiley repeatedly informed me that there was no problem because the reports could always be amended.

7.  Regarding the failure to file documents required by 11 U.S.C. §1187(a), I did not know and was not made aware of the requirement found in that section. Counsel did not inform me of such requirement.

8.  Regarding issues related to debtor-in-possession bank accounts, I relied on Mr. Wiley with respect to these requirements. I made Mr. Wiley perfectly aware of the issues I was having with setting up the DIP account and getting bank statements.

9.  I also made Counsel aware of the situation regarding the use of a management company to manage cashflow. Indeed, Mr. Wiley was directly involved with the creation of Greenmind, LLC. Greenmind, LLC was created to manage cashflow in order to avoid the

**DECLARATION OF ERIC RALLS – PAGE 2**

aggressive collection tactics of Movants – not to avoid compliance with bankruptcy disclosure requirements.

10. In situations where I did learn of deficiencies, such deficiencies were immediately cured. For example, Counsel had not informed me of the requirement to pay the fees of the Subchapter V Trustee. When I learned of the issue at a status conference on or about December 17, 2024, I immediately reached out directly to Ms. Areya Aurzada – the Subchapter V Trustee – and paid the necessary fees.

11. I was not aware of and was not made aware of this Court's discovery orders. I was also not aware that Counsel had provided late discovery responses, as referenced in the Court's Order. I later learned that Counsel had held up production of documents on the grounds that he would be filing for a protective order and that discovery would only be produced subject to such protective order. However, no protective order was ever filed.

12. I did not know and had no way of knowing that I needed to produce evidence related to the failures cited in the Court's Order at the hearing on the Motion to Convert because I was unaware of such failures.

13. We have already cured many of the deficiencies noted in the Court's Order, and we will be able to cure all other deficiencies within a reasonable period of time fixed by the Court.

I declare under penalty of perjury that the foregoing is true and correct."

_____
Eric Ralls

**EXECUTED** this 5th day of May, 2025.