IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| In re:<br><br>EARTHSNAP, INC.<br>EIN: 87-0815236,<br><br>Debtor. | Case No. 24-60363<br><br>Chapter 7 |

**HI INVESTMENTS, LLC'S LIMITED OBJECTION TO**
**AMENDED MOTION TO WITHDRAW AS ATTORNEY OF RECORD**

HI Investments, LLC ("**HI Investments**"), by and through undersigned counsel, hereby submits this Objection (the "**Objection**") to *Amended Motion to Withdraw as Attorney of Record* (the "**Motion**")[1] (Docket No. 179). In support of this Objection, HI Investments states as follows:

1. HI Investments is not generally opposed to Debtors' attorney Kevin Wiley withdrawing from these bankruptcy cases. First and foremost, the Debtors are understanding and sympathetic to Mr. Wiley's personal situation. Additionally, now that Mr. Gregory Mitchell has filed an entry of appearance in the cases, HI Investments does not believe it would be effective or efficient to have two different sets of lawyers engaged in this proceeding. HI Investments is concerned, however, that Mr. Wiley and the Debtors have not followed clear and proper procedures for debtor professionals employed under the Bankruptcy Code and this should be addressed prior to Mr. Wiley withdrawing.

2. The Debtors filed an application to employ Mr. Wiley under 11 U.S.C. § 327(a) ("**Application**"). *See* Docket No. 18. In that Application, the Debtors only disclosed that "the stock owner" had paid Mr. Wiley a retainer of $6,000 prepetition on the Debtors' behalf. Further, the Application states that Mr. Wiley "intends to apply to the Court for allowance of fees and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, as well as the local rules and any relevant orders of this Court" and that "[n]o compensation will be paid by the Debtor to the Proposed Counsel in connection with the relief under Chapter 11 of Title 11 case except upon application to and approval of this Court." *See* Docket No. 18, ¶ 8.

3. The Application also did not disclose that Mr. Wiley was performing services for affiliated entities of the Debtors and that he was being paid by those other affiliated entities. Pursuant to the Application and accompanying Affidavit, Mr. Wiley attested that he no connection with the Debtor, creditors, equity security holders, the United States Trustee, or any other party-in-interest, except as disclosed in the Affidavits. Information later came out in discovery that this

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings given to them in the Motion.

33712749.1

might not have been true. *See* Docket No. 101, Exhibit A (attaching bank statements from GreenMind, LLC).

4. Pursuant to the *Order Approving the Employment of Kevin S. Wiley, Sr. of the Law Firm Wiley Law Group, PLLC as Attorneys for the Estate* (Case No. 24-60363, Docket No. 31) (the "**Employment Order**"), the Court ordered that Mr. Wiley may be paid "such compensation as may be awarded by the Court upon proper application submitted pursuant to Fed. R. Bankr. P. 2016(a) and L.B.R. 2016."

5. The Debtors recently filed numerous amended monthly operating reports ("**MORs**") that all suggest approximately $60,959.00 has been paid to professionals in this case. The following is a chart of the amounts listed on the MORs as paid to professionals:

| Date | Debtor | Docket No. (in EarthSnap Case) | Amount Listed on MOR |
|---|---|---|---|
| June 2024 | EarthSnap | 147 | $2,600.00 |
| July 2024 | EarthSnap | 148 | $3,150.00 |
| August 2024 | EarthSnap | 149 | $2,750.00 |
| September 2024 | EarthSnap | 150 | $2,500.00 |
| October 2024 | EarthSnap | 151 | $5,000.00 |
| November 2024 | EarthSnap | 152 | $3,000.00 |
| December 2024 | EarthSnap | 156 | $6,959.00 |
| January 2025 | EarthSnap | 157 | $15,000.00 |
| February 2025 | EarthSnap | 155 | $7,500.00 |
| March 2025 | EarthSnap | 189 | $12,500.00 |
| Total | | | $60,959.00 |

6. It is not clear from the MORs whether these payments were to Mr. Wiley, Mr. Mitchell or another professional not employed properly in the cases. The bank statements attached to the MORs do not clarify the issue. Most of the payments were before Mr. Mitchell filed his application for employment and there are no other properly employed professionals in the case, so the logical conclusion would be that these payments were made to Mr. Wiley.

7. To-date, Mr. Wiley has not filed an application for compensation as required by the Employment Order, Fed. R. Bankr. P. 2016(a) and L.B.R. 2016. If he has been paid for his services from the Debtors, creditors of the Debtors deserve to know and to have an opportunity to object. This is especially true if EarthSnap was paying Mr. Wiley fees for his work supporting affiliated non-debtor entities.

8. Accordingly, HI Investments requests that the Court require Mr. Wiley to file an accounting, return any funds that were improperly paid to him, and file a final fee application (if he wishes to be paid from estate funds) prior to granting the Amended Motion to Withdraw as Attorney of Record.

WHEREFORE, for the reasons set forth herein, HI Investments respectfully requests that the Court deny the Motion without prejudice and require Mr. Wiley to file an accounting and return any funds that were improperly paid to him.

Dated: June 3, 2025.

Respectfully submitted,

**BROWNSTEIN HYATT FARBER SCHRECK, LLP**

*/s/ Amalia Y. Sax-Bolder*
Amalia Y. Sax-Bolder, #54959
675 15th Street, Suite 2900
Denver, CO 80202
Tel: (303) 223-1100
Fax: (303) 223-1111
asax-bolder@bhfs.com

*Attorney for HI Investments, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of June, 2025, a true and correct copy of the foregoing **HI INVESTMENTS, LLC'S LIMITED OBJECTION TO AMENDED MOTION TO WITHDRAW AS ATTORNEY OF RECORD** was transmitted by electronic means on the parties noted in the Court's ECF transmission facilities.

- **Areya Holder**  areya@holderlawpc.com, caha11@trustesolutions.net
- **Patrick R. Akers**  pakers@fennemorelaw.com, csepton@fennemorelaw.com; kshanley@fennemorelaw.com
- **Diane Carter**  dsbarron@rbarronlaw.com, dbc@trustesolutions.net
- **Russell W. Mills**  rmills@bellnunnally.com; nsummerville@bellnunnally.com; tstephenson@bellnunnally.com
- **Steven Rech**  srech@vorys.com
- **Dean E. Richardson**  drichardson@gouldratner.com; bsussman@fennemorelaw.com
- **Marcus Salitore**  marc.f.salitore@usdoj.gov
- **Amalia Y Sax-Bolder**  asax-bolder@bhfs.com, aciabattoni@bhfs.com; iblumberg@bhfs.com
- **Pete Thomas**  peter@praxidicelaw.com
- **Kevin S Wiley**  kwiley@wileylawgroup.com

*/s/ Genie L. Passow*
Genie L. Passow, Legal Practice Assistant & Litigation Practice Coordinator