**EOD**
**06/10/2025**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **EarthSnap, Inc.** | § | Case No. 24-60363 |
| xx-xxx5236 | § | |
| 6691 Park Slope, Tyler, TX 75703 | § | |
| | § | |
| Debtor | § | Chapter 7 |

### ORDER DENYING MOTION TO RECONSIDER

ON THIS DATE the Court considered the "Motion to Reconsider" (the "Motion") filed by Debtor, EarthSnap, Inc. (the "Movant") on May 5, 2025 in the above styled case.[1] The Court also considered the joint objection filed by PlantSnap Inc. ("PlantSnap") and DEJ Partners, LLC ("DEJP"), and the joinder in support of the objection filed by the Chapter 7 Trustee, Areya Aurzada ("Trustee"). The Court finds that the argument and authorities of the Movant are adequately presented in the pleadings and that the Court's decision regarding the Motion would not be aided by oral argument.

This bankruptcy case was originally filed as a proceeding under Chapter 11, and was jointly administered with the individual Chapter 11 case of Eric Ralls, Case No. 24-60504. While jointly administered, a "Joint Motion to Convert Chapter 11 Case to Chapter 7 Case Without Waiver of 30-Day Hearing Requirement" was filed on February 17, 2025 by PlantSnap and DEJP, and joined by HI Investments, LLC ("HII"). After hearing this conversion motion, the Court entered its "Order Granting Motion to Convert

---

[1] Mot., ECF No. 176.

SubChapter V, Chapter 11 Cases Into Chapter 7 Bankruptcy Cases" on April 21, 2025 (the "Conversion Order").[2] The Conversion Order converted both this case and Mr. Ralls' case from Chapter 11 to Chapter 7.[3] The Court also entered on April 21, 2025 an "Order Dissolving Joint Administration Of Bankruptcy Estates" which ended the joint administration of this case with Mr. Ralls' case.

The Motion argues that "the Court should withdraw the [Conversion] Order and grant Debtors a reasonable period of time – albeit a 'short leash' – to attempt to confirm a plan."[4] The Motion recites Fed. R. Civ. P. 59[5] as authority for the requested relief.[6] The Motion does not, however, clearly specify whether Movant is seeking a new trial pursuant to Rule 59(a)(1)(B), or to alter and amend the Conversion Order pursuant to Rule 59(e). Another court has explained the standard for considering a motion for new trial under Rule 59(a)(1)(B) as follows:

> Under Rule 59(a)(1)(B), a court can grant a new trial "after a nonjury trial[] for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." Rule 59(a)(1)(B). "A motion for a new trial in a nonjury case . . . should be based upon a manifest error of law or mistake of fact, and a judgment should not be set aside except for substantial reasons." *Isystems v. Spark Networks Ltd.*, 2015 U.S. Dist. LEXIS 194569, 2015 WL 13469855, at *1 (N.D. Tex. Jan. 13, 2015) (Godbey, J) (quoting *Preston Expl. Co., LP v. GSP, LLC*, 2012 U.S. Dist. LEXIS 172167, 2012 WL 6048947, at *3 (S.D. Tex. 2012), *aff'd*, 566 Fed. Appx. 318 (5th Cir. 2014)). "Courts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial." *Sibley v. Lemaire*, 184 F.3d 481, 487 (5th Cir. 1999) (quoting *Del*

---

[2] ECF No. 167.

[3] ECF No. 168.

[4] Mot., 2, ECF No. 176.

[5] Applicable pursuant to Fed. R. Bankr. Pro. 9023.

[6] Mot., 2, ECF No. 176.

*Rio Distrib., Inc. v. Adolph Coors Co.*, 589 F.2d 176, 179 n.3 (5th Cir. 1979)). Whether to grant or deny the motion is within "the sound discretion of the trial court[.]" *Id.*

*Hicks v. R.H. Lending, Inc.*, No. 3:18-CV-0586-D, 2020 U.S. Dist. LEXIS 74950, at *2-3 (N.D. Tex. 2020). Similarly, a motion under Rule 59(e) "may be granted on grounds including: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct clear error or manifest injustice." *Geoffrion v. Nationstar Mortgage LLC*, 182 F. Supp. 3d 648, 657 (E.D. Tex. 2016), citing *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir.2002). A motion under Rule 59(e) "is 'an extraordinary remedy that should be used sparingly.'" *Id.*, citing *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004).

The Motion lists four grounds for seeking relief as follows:

> "(1) Unusual circumstances undeniably led to most of the bases cited by the Court in its Order for converting the case;
>
> (2) EarthSnap, along with Earth.com, its sister company, are already in a position to pay all creditors 100% of amounts owed over a 5-year period. The companies' revenue continues to grow monthly, which makes the companies more valuable every month. According to a recent evaluation of the value of the companies, the current value of the combined Earth.com and EarthSnap is approximately $18 million, excluding the Earth.com domain name. That valuation increases to almost $40 million in the future.
>
> (3) The Court's Order will have the effect of the elimination of competition by aggressive creditors who stand only to benefit themselves without any consideration of the best interests of the overall creditor body and the estates.
>
> (4) Allowing the Debtors an opportunity to confirm a plan will likely avert the necessity of the estate bringing a professional negligence case against Debtors' former counsel – someone who is in a vulnerable position given his life circumstances."[7]

---

[7] Mot., 1-2, ECF No. 176.

Movant does not seek relief because of an intervening change in controlling law, nor does the Motion recite any such change. Nor do Movants appear to seek relief because of the availability of new evidence which was not previously available.[8]

Rather, Movant's arguments appear to seek relief to correct alleged error or injustice under either Rule 59(e) or Rule 59(a)(1)(B), though these terms do not appear in the Motion. The 5th Circuit instructs as follows regarding such error:

> "Manifest error" is one that "is plain and indisputable, and that amounts to a complete disregard of the controlling law". *Venegas–Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir.2004) (citing BLACK'S LAW DICTIONARY 563 (7th ed.1999)); see also *Andreiu v. Ashcroft*, 253 F.3d 477, 490 (9th Cir.2001) (Beezer, J., concurring); *LaCombe v. A–T–O, Inc.*, 679 F.2d 431, 435 (5th Cir.1982) (manifest error where district court employed wrong standard in excluding a witness); *Bank One, Texas, N.A. v. F.D.I.C.*, 16 F.Supp.2d 698, 713 (N.D.Tex.1998) ("a manifest error is an obvious mistake or departure from the truth") (internal quotation omitted).

*Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004); see also *Wells v. Lumpkin*, No. 4:21-CV-01384-O, 2024 WL 69161, at *2 (N.D. Tex. Jan. 5, 2024) (quoting *Id.*). Furthermore, a Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Guy*, 394 F. 3d at 325, citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990).

Thus, the Court examines its Conversion Order for error that is plain and indisputable and

---

[8] Regarding this possible avenue for relief under Rule 59(e), the 5th Circuit requires:

> A Rule 59(e) motion should only be granted where there is new evidence that (1) probably changes the outcome of the case; (2) could not have been discovered earlier by proper diligence; and (3) is not merely cumulative or impeaching. *See, e.g., Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696–97 (5th Cir.2003).

*Molina v. Equistar Chemicals LP*, 261 Fed. Appx. 729, 733 (5th Cir. 2008).

which amounts to a complete disregard of the controlling law.  The reasoning in the Conversion Order relied upon 11 U.S.C. § 1112(b) and applicable case precedent.  This Court weighed the substantial evidence admitted and the parties respective arguments and found cause for conversion to exist under sections 1112(b)(4)(F), 1112(b)(4)(B), and 1112(b)(4)(E).  The Court also found Debtor was unable to confirm the reorganization plan it had proposed jointly with Eric Ralls.  The Court finds no plain and indisputable error nor complete disregard of controlling law in any of these findings.

     Last, the Court found in the Conversion Order that no "unusual circumstances" were established by Debtor under section 1112(b)(2).  The Motion argues that unusual circumstances exist, and raises the specter of a possible malpractice claim against Mr. Kevin Wiley, the counsel who represented Movant during the conversion hearing.  As the Conversion Order recites however, problems date to the beginning of this case, and unusual circumstances do not exist.  It is instructive to compare the facts recited in the Conversion Order to recent cases where unusual circumstances existed.  In one example, a court found that " . . . the global COVID-19 pandemic . . ." constituted unusual circumstances.  *In re Ford Steel, LLC*, 629 B.R. 871, 883 (Bankr. S.D. Tex. 2021).  In another, a court found that a particularly unique case involving a grain elevator and expedited procedures under a rarely used statutory provision, section 557, constituted unusual circumstances.  *In re Express Grain Terminals*, LLC, No. 21-11832-SDM, 2022 Bankr. LEXIS 945, at *44 (Bankr. N.D. Miss. 2022).  The pandemic or an equivalent is not extant here, nor is there anything particularly unique about this case.  The Court finds no plain and indisputable error nor complete disregard of controlling law in its decision in the Conversion Order that unusual circumstances do not exist in this case under section 1112(b)(2).

Upon due consideration of the Motion, the objections thereto, the Court's prior findings and the Conversion Order, the Court finds that Movant has failed to establish sufficient grounds to warrant reconsideration of the Court's ruling under either Fed. R. Civ. P. 59(e) or Fed. R. Civ. P. 59(a)(1)(B). Accordingly, just cause exists for the entry of the following order.

**IT IS THEREFORE ORDERED** that the Motion to Reconsider filed by Debtor, EarthSnap, Inc., on May 5, 2025, is **DENIED**, except that footnote 8 in the Conversion Order should refer to ECF No. 117 rather than ECF No. 101.

Signed on 6/10/2025

_____
THE HONORABLE JOSHUA P. SEARCY
UNITED STATES BANKRUPTCY JUDGE