IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| EARTHSNAP, INC., | § | CASE NO. 24-60363 |
| | § | (Chapter 7) |
| DEBTOR | § | |

**MOTION FOR 2004 EXAMINATION OF EARTHSNAP, INC.
PURSUANT TO BANKRUPTCY RULE 2004**

**14-DAY NEGATIVE NOTICE – LBR 2004(a):**

**Your rights may be affected by the relief sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you oppose the relief sought by this pleading, you must file a written objection, explaining the factual and/or legal basis for opposing the relief.**

**No hearing will be conducted on this Motion unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading *WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE* shown in the certificate of service unless the Court shortens or extends the time for filing such objection. If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the Court may enter an order granting the relief sought. If an objection is filed and served in a timely manner, the Court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The Court reserves the right to set a hearing on any Matter.**

Areya Holder Aurzada ("*Trustee*"), in her capacity as the chapter 7 trustee for EarthSnap, Inc. ("*Debtor*") files this *Motion for 2004 Examination of EarthSnap, Inc. Pursuant to Bankruptcy Rule 2004* ("*Motion*") as follows:

**Background**

1. On June 17, 2024 (the "*Date of Bankruptcy*"), the Debtor filed with this Court a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code. The Debtor's CEO, Eric Ralls ("Ralls"), subsequently filed an individual bankruptcy case for

1

relief under Chapter 11 on August 18, 2024.

2. On April 21, 2025, the Bankruptcy Court issued an order converting both the Debtor and Ralls' bankruptcy cases to cases for relief under Chapter 7.

3. Areya Holder Aurzada was appointed as the Chapter 7 Trustee for both the Debtor's and Ralls' bankruptcy estate and continues to serve in that capacity.

4. On September 25, 2024, Ralls filed an Amended Schedule A/B in his bankruptcy case that lists the following business interests:

   a. 86% interest in Digital Earth Media ("**DEM**") valued at $11,500,000.00;

   b. 100% interest in Metaversal Knowledge, Inc.("**Metaversal**") valued at $0.00;

   c. 86% interest in Debtor, EarthSnap valued at $0.00;

5. Additionally, upon information and belief, Ralls owns an interest in Greenmind, LLC ("**Greenmind**").

6. Upon information and belief, DEM is a holding company that owns 100% of the Debtor and Earth.com. DEM has two shareholders: Ralls and HI Investments.

7. Upon information and belief, Metaversal was the management company for Earth.com and the Debtor prior to the bankruptcy filing. The current management company for Earth.com appears to be Greenmind and/or Ralls.

8. Upon information and belief, the aforementioned business interests (the "**Business Interests**") related to, owned or operated by the Debtor or the Debtor's CEO are property of the Chapter 7 bankruptcy estate and subject to marketing and sale.

9. The initial Section 341 meeting of creditors for this chapter 7 proceeding was set for May 22, 2025. The meeting was continued and subsequently concluded on June 17, 2025. Trustee seeks to obtain more specific information regarding the Business Interests, including a

valuation of the Business Interests' assets and liens, claims, and encumbrances, or any other business interest or asset owned or operated by or related to the Debtor (the **"*Estate Assets*"**).

10. As of the filing of this Motion, the Trustee requires additional information to adequately administer the Estate related to the Estate Assets, their value, liens, claims, or encumbrances.

11. The Trustee needs this information to sufficiently market the estate's interest in all the Estate Assets. Specifically, the Trustee needs information related to the estate's interests in the Business Interests to market the interests at their maximum value to prospective buyers.

### Request for 2004 Examination of the Debtor

12. The Trustee seeks an order of this Court compelling the Debtor to testify and to provide the Trustee with information regarding the Estate Assets.

13. Federal Rule of Bankruptcy Procedure 2004 provides that upon the motion of a party in interest, the Court may order an examination of any entity relating to, among other things, the property or the liabilities of the debtor and compel the production of documentary evidence which may affect the administration of the estate.

14. The scope of a Rule 2004 examination is "extremely broad," and has even been likened by some courts to a "lawful" fishing expedition. *In re Lufkin,* 255, B.R. 204, 208 (Bankr. E.D. Tenn. 2000) (quoting *Bank One Columbus, N.A. v. Hammond (In re Hammond),* 140 B.R. 197, 201 (S.D. Ohio 1992), "The scope of a Rule 2004 examination is "unfettered and broad." Its purpose is to facilitate the discovery of assets and the unearthing of frauds and has been likened to a quick "fishing expedition" into general matters and issues regarding the administration of the bankruptcy estate." *In re Bakalis,* 199 B.R. 443, 447 (Bankr. E.D.N.Y. 1996). The standard for

granting a Rule 2004 examination is whether the movant has established "good cause." *In re Hammond,* 140 B.R. 197, 201 (S.D. Ohio 1992).

15. Trustee requests that the Debtor be ordered to provide information or documentation and to be ordered to appear at 9:00 a.m. on July 11, 2025 at Debtor's Counsel's office located at 7011 Main Street, Frisco, Texas 75034 or via Zoom for an examination under oath by Trustee.

16. Trustee requests that the Debtor be ordered to produce to Trustee the documents listed on Exhibit "A" by no later than July 8, 2025.

WHEREFORE, PREMISES CONSIDERED, Trustee prays that the Court grant the Motion and that Trustee have such other and further relief to which she may be justly entitled.

    Respectfully submitted,

    QUILLING, SELANDER, LOWNDS,
    WINSLETT & MOSER, P.C.
    2001 Bryan Street, Suite 1800
    Dallas, Texas 75201
    (214) 880-1851 (Telephone)
    jstanford@qslwm.com (Email)

    By: */s/ John Paul Stanford*
        John Paul Stanford
        State Bar No. 19037350

    ATTORNEYS FOR TRUSTEE

## CERTIFICATE OF CONFERENCE

**T**he Trustee contacted Debtor's counsel prior to the filing of this motion regarding the Debtor appearing for a 2004 examination and was advised the Debtor representative can appear on July 11, 2025 as requested in the above motion.

*/s/  John Paul Stanford*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion has been served through the Court's CM/ECF system and via first class mail, postage prepaid, on this 19th day of June, 2025, upon all parties on the attached matrix and upon the following:

Office of the U.S. Trustee
110 N. College Ave., Suite 300
Tyler, TX  75702
*(via ECF)*

EarthSnap, Inc.
6961 Park Slope
Tyler, TX 75703
(*via regular mail*)

Gregory W. Mitchell
FREEMAN LAW, PLLC
7011 Main Street
Frisco, Texas 75034
*(via ECF)*

*/s/ John Paul Stanford*