# EXHIBIT "A"

## INSTRUCTIONS

1. To the fullest extent permitted by the Bankruptcy Rules of Procedure and applicable Local Rules of the Eastern District of Texas (the "Rules"), these requests are continuing in nature. You are requested and required to supplement your responses and produce additional documents when appropriate or necessary under the Rules.

2. These document requests are intended to cover all documents in your possession, custody, or control.

3. If any document is withheld on the basis of privilege, work product, or otherwise, you are requested to submit a written statement no later than the date responsive documents are produced:

   a. Identifying the person or persons who prepared, created, or drafted the document, and, if applicable, the person or persons to whom the document was sent or shown;

   b. Identifying the date on which the document was prepared or transmitted;

   c. Identifying the subject matter of the document;

   d. Describing the nature of the document (e.g. letter, email, etc.);

   e. Stating the identity of each person who had access to, custody of, and who received a copy of the document;

   f. Identifying the present custodian of the document;

   g. Stating the reason the document was not produced;

   h. Stating the basis for any claim that the document is privileged constitutes work product, or is otherwise protected from production; and

   i. Identifying the paragraph of this Request to which the document relates.

## DEFINITIONS

As used herein, the following terms have the following meaning:

1. "Business Interest" or "Business Interests" means the bankruptcy estate's interest, individually or collectively, in EarthSpace, Inc., Greenmind, LLC, Metaversal Knowledge, Inc., and Digital Earth Media.

2. "Communication" or "Communications" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise between two or more persons. It includes, without limitation, written contracts, whether by letter, memoranda, telegram, telex, email, or other document and oral contracts whether by face-to-face meetings, telephone conversations or otherwise.

3. "Debtor" means EarthSpace, Inc.

4. "DEM" means Digital Earth Media.

5. "Document" or "Documents" means information that is fixed in a tangible medium, such as paper. It includes all written, type, or printed matter an all magnetic, electronic, or other records or documentation of any kind or description in your possession, custody or control, including those in the possession, custody, or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys, or other agents, whether or not prepared by you, that constitute or contain matters relevant to the subject matter of the above case caption matter. "Document" also includes, but is not limited to, the following: writings, drawings, films, charts, photographs, notices, memoranda, diaries, minutes, correspondence, books, journals, ledgers, letters, reports, diagrams, telegrams, worksheets, notes, printed emails, abstracts, audits, checks, drafts, instructions, list, logs, resumes, summaries, notes, records, contracts, agreements, or notations of telephone or personal conversations or conferences, interoffice communications, email, microfilm, bulletins, circulars, pamphlets, faxes, invoices, tape recordings, computer printouts, and work papers.

6. "EarthSpace" means EarthSpace, Inc.

7. "Eric Ralls" or "Ralls" shall mean the Debtor's Chief Executive Officer and debtor in bankruptcy case number: 24-60504.

8. "Estate Asset" or "Estate Assets" means the Business Interests referenced above and other property, individually or collectively, of Eric Ralls' bankruptcy estate and EarthSpace's bankruptcy estate.

9. "Greenmind" means Greenmind, LLC.

10. "Metaversal" means Metaversal Knowledge, Inc.

11. "Motion for 2004 Examination" means this Motion for 2004 Examination of EarthSpace, Inc. Pursuant to Bankruptcy Rule 2004.

12. "Petition Date" means June 17, 2024, the date Debtor filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Bankruptcy Code.

13. "Possession, custody or control" of an item means that the person or entity either has physical possession of the item or has a right to possession equal or superior to that of the person who has physical possession of the item.

14. "Trustee" means Areya Holder Aruzada the chapter 7 trustee of the bankruptcy estate of EarthSpace, Inc., Case Number: 24-and the bankruptcy estate of60363Eric Ralls, Case Number: 24-60504.

15. "You" or "yours" shall mean EarthSpace, your employees, officers, attorneys, agents, and all other natural persons or business or legal entities acting or purporting to act on behalf of You or to which You have a legal or business interest in.

## Documents and Items to be Produced

**Please note that this document request includes an obligation to produce all documents in the "possession, custody or control" of the producing party. This includes the obligation to produce not only all documents in your actual physical possession, but also all documents held in your behalf by a third person, or any documents you have a right to obtain from a third party upon request.**

1. All of the following Documents for each Business Interest:

    a. Operating Agreement with all amendments, supplements, and exhibits;

    b. All equipment lists or records documenting each asset in each Business Interest's possession, including but not limited to information regarding each asset's value, and any liens or encumbrances over each asset;

    c. All inventory lists or records documenting each asset in each Business Interest's possession, including but not limited to information regarding each asset's value, and any liens or encumbrances over each asset;

    d. Latest balance sheet;

    e. Profit and loss statement from 1/01/2023 through the present;

    f. Most current accounts receivable aging report;

    g. All saving, checking, and other deposit account statements from June 17, 2023 to the present;

    h. All documents and records of stocks, bonds, debentures, partnership certificates, or any other evidence of investments owned or held by You from June 17, 2023 to the Petition Date;

    i. All documents that refer to, reflect, or relate to any real property owned by You from June 17, 2023 to the Petition Date;

    j. All documents that refer to, reflect or relate to encumbrances on any real, personal or business property owned by you. Such documents include, but are not limited to, liens and mortgages;

    k. All deeds of trust, notes receivable, pledges, or security interests in you held in your favor from June 17, 2022 to the Petition Date;

    l. All documents referring, relating, or pertaining to any record of salaries, commissions, bonuses, employment income, dividends, royalties, allowances, expenses, or any other sums of money paid to you or received by you from June 17, 2022 to the Petition Date;

    m. All documents that refer, relate to or reflect the transfer, sale or gift of any asset you made in excess of $600.00 in value to any individual and/or business entity from June 17, 2023 to the Petition Date;

    n. All documents reflecting revenue and/or financial information of you (or any corporations or business entities owned or operated by you) which have been prepared for the period from June 17, 2022 to the Petition Date, including, but not limited to, all balance sheets or financial statements;

    o. Federal income tax returns for the three most recent tax years for which returns were filed; and

    p. All offers, counteroffers, and contracts dated on or after June 17, 2023 for any person or entity to purchase assets (other than purchases in the ordinary course of business) or membership interests of the Business Interests.

2. All communications related to or transmitting the Documents requested for each Business Interest in Document Request 1.